IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION JOHNSON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-4960 |
| v. | : | |
| CHESTER COUNTY PRISON; DIRECTOR ROBERTS; CO WHITE SHIELD NO. 608; CO JOHN DOE SHIELD NO. 984; CO HAWTHORNE SHIELD NO. 777; and CO TOMKNSON SHIELD NO. 1077, | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                      January 24, 2020

      In this action, a *pro se* prisoner has applied for leave to proceed *in forma pauperis* in this action under 42 U.S.C. § 1983 for purported constitutional violations after the county correctional institution in which he was detained for pretrial proceedings lost four photographs that were sent to him in the mail and did not give him a return receipt for a certified letter sent to a congressman. The plaintiff has sued the county prison as well as five individuals employed in various capacities at the county prison.

      Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss the complaint because, *inter alia*, (1) the plaintiff may not maintain an action against the county prison because it is not a "person" amenable to suit under section 1983, and (2) he has not pleaded a plausible First Amendment claim regarding interference with the use of the mail or access to the courts. The court will provide the plaintiff with leave to file an amended complaint should he be able to assert a plausible claim for relief against any of the individual defendants.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Dion Johnson ("Johnson"), commenced this action by filing an application for leave to proceed *in forma pauperis* (the "IFP Application"), complaint, and prisoner trust fund account statement on or about October 21, 2019.[1] Doc. Nos. 1–3. In the complaint, Johnson, an inmate currently incarcerated at State Correctional Institution – Houtzdale, asserts claims under 42 U.S.C. § 1983 for violations of his constitutional rights against several corrections officials at Chester County Prison, where he was formerly incarcerated. Compl. at ECF pp. 2–4, Doc. No. 2. Johnson names six defendants in the complaint: (1) Chester County Prison; (2) Director Roberts; (3) Corrections Officer White, Shield No. 608; (4) Corrections Officer John Doe, Shield No. 984; (5) Corrections Officer Hawthorne, Shield No. 777; and (6) Corrections Officer Towknson, Shield No. 1077.[2] *Id.* at ECF pp. 1–3.

Although the complaint is a bit unclear and lacking in detail, it appears that his claims arise out of issues Johnson encountered with the mailroom at the Chester County Prison while incarcerated there as a pretrial detainee.[3] *Id.* at ECF pp. 4, 6. More specifically, Johnson alleges

---

[1] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it). Here, Johnson dated the amended complaint on October 21, 2019, *see* Compl. at 11, and the court has used this date as the filing date.

[2] The caption of the complaint contains specific references to only Chester County Prison and Director Roberts, and it also includes a reference to "et al." The plaintiff's naming of these two defendants without listing the other named defendants, and his use of "et al.," violates Rule 10(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."). For purposes of this opinion, the court has included the defendants listed in the body of the complaint in the caption.

In addition, the court notes that the plaintiff identifies a possible defendant who was employed in the mail room at the Chester County Prison, but he provides only the individual's Shield No. and not the individual's name. *See* Compl. at ECF p. 2. The court has created a fictitious name for this defendant.

[3] Despite the lack of detail in the complaint itself, Johnson attached several "Inmate Request" slips and various correspondence for the court's review, including a letter to the manager of the Chester County Post Office. Compl. at ECF pp. 12–21. These attachments present additional details and appear to describe more fully the alleged issues

that there was an incident of "spoilage" in the mail room that resulted in the destruction of several crime scene photos that he needed for his criminal trial. *Id.* at ECF pp. 3–5, 15–16. Johnson claims that his former landlord mailed the photos (which would have "played a big part in [his] case") to him, but he never received the photos themselves despite receiving a money order receipt that was sent along with the photos. *Id.* at ECF p. 15. Johnson also asserts that he never received a return receipt for certified mail he sent to his local congressman seeking assistance with his criminal trial. *Id.* Because he did not receive the return receipt, his certified mail did not reach the congressman, and, as a result, he was forced to go to trial without "congressional interest on [his] behalf." *Id.* Johnson contends that because he proceeded to trial without the photos or congressional support, he was convicted and received a sentence of 10 to 20 years imprisonment. *Id.* Johnson seeks $25,000 in compensatory damages and $10,000 in punitive damages from each defendant for "destroying pretrial inmates [sic] property needed for trial." *Id.* at ECF p. 5.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, §

---

Johnson had with the mail at the Chester County Prison. The court has incorporated the information in these documents into the allegations in this case with the goal of properly describing Johnson's allegations in this case.

> 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Johnson is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[4]

### B. <u>Standard of Review</u>

Because the court has granted Johnson leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is

---

[4] Because Johnson is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

5

### C. Analysis

As indicated above, Johnson seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Construed liberally, it appears Johnson seeks to assert (1) a First Amendment claim regarding interference with the use of the mail; and (2) a First Amendment claim regarding access to the courts.[5] Johnson has failed to state a plausible claim for relief on either basis and the court will dismiss his claims.

---

[5] In his letter to the manager of the Chester County Post Office, Johnson makes the conclusory assertion that the matters at issue are a violation of his Eighth Amendment rights. Compl. at ECF p. 16. There is no basis for an Eighth Amendment claim in this matter, and the court broadly construes Johnson's claims under the First Amendment.

Nonetheless, in liberally reading the complaint, the court also considered whether the court could read the complaint to assert a due process violation under the Fourteenth Amendment. There is no basis for such a claim here. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Chester County Prison grievance procedure and the Pennsylvania Tort Claims Act provide sufficient remedies for intentional deprivations of property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (explaining that prison's grievance program constituted sufficient post deprivation remedy for loss of boxes of legal material); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that Pennsylvania Tort Claims Act provides adequate remedy for willful deprivation of property); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison

At the outset, the court notes that Johnson named Chester County Prison as a defendant in this action. As evidenced by a review of the statute, section 1983 "applies only to 'persons.'" *Fraser v. Pa. State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995). A county correctional facility is not a "person" amenable to suit under section 1983. *See Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (stating that "a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws"), *aff'd*, 363 F. App'x 917 (3d Cir. 2010); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983" (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (per curiam) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983). Accordingly, the court will dismiss with prejudice Johnson's section 1983 claim against Chester County Prison as frivolous because it is not a "person" within the meaning of section 1983.

As for Johnson's claims relating to the interference with his mail, the court recognizes that "state prisoners, by virtue of their incarceration, 'do not forfeit their First Amendment right to use of the mails,'" *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) (quoting *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996)), and prison officials can restrict a prisoner's right to send and receive mail only for legitimate penological reasons. *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir.

---

grievance system provides adequate post-deprivation remedy). Accordingly, Johnson has not stated a plausible basis for a due process claim.

2012) (per curiam) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However, allegations of a "single, isolated interference" with a prisoner's mail are insufficient to state a plausible claim for relief based on a First Amendment violation. *Id.* (citing *Bieregu*, 59 F.3d at 1452); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."). Here, Johnson's complaint points to a single alleged incident of "spoilage" regarding crime scene photos that he asserts were needed for his criminal trial. This single instance[6] is inadequate to support Johnson's First Amendment claim regarding interference with prison mail. Moreover, while Johnson generally alleges interference with his mail, his complaint also fails because he does not adequately set forth specific factual averments describing how any named defendant was personally involved in the alleged interference.[7] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a

---

[6] To the extent Johnson is also attempting to challenge his failure to receive a return receipt for certified mail sent to his local congressman, he has insufficiently pleaded such a claim. Johnson makes no allegations regarding how or why he did not receive the return receipt in question. There is no allegation that it was the fault of any defendant named in this action, as opposed to the fault of the congressman's office or the Postal Service. Such barebone allegations are insufficient to form the basis of a plausible claim.

[7] It appears that Johnson is asserting claims against the named individual defendants in their official capacities. *See* Compl. at ECF pp. 2–3 (checking boxes indicating he is suing defendants in their official capacities). Official capacity claims against corrections officials are indistinguishable from claims against the entities that employ them. *See Green v. City of Philadelphia*, Civ. A. No. 19-CV-2190, 2019 WL 2766590, at *3 (E.D. Pa. June 28, 2019); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978))). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

      Chester County is the entity that employs the corrections officials named as defendants here. Therefore, official capacity claims against them are more properly brought against Chester County itself. Unlike Chester County Prison, a municipal body or other local government unit which is not part of a state for Eleventh Amendment purposes, such as Chester County, may be a "person" subject to suit under section 1983. *See Monell*, 436 U.S. at 690–91. However, Johnson has failed to state a claim against Chester County because nothing in the complaint alleges that the purported violations of his constitutional rights stemmed from a municipal policy or custom. *See id.* at 694 (concluding that local governments are not liable under section 1983 "for an injury inflicted solely by [their] employees or agents," but are liable if municipal custom or policy caused plaintiff's injury). Rather, he appears to seek to hold Chester County liable pursuant to a *respondeat superior* theory, which he cannot do. *See City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *see also Monell*, 436 U.S. at 691. Accordingly, to the extent Johnson's official capacity claims are construed as claims against Chester County, the court will dismiss those claims.

      In light of Johnson's *pro se* status and in an abundance of caution, the court has also construed his claims as though he brought them against the named defendants in their individual capacities as well. As set forth more fully *supra*, the complaint fails to state a plausible claim for relief against these named defendants and does not adequately plead a constitutional violation.

8

civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.").

Although the complaint is unclear, the complaint could also be read as asserting a First Amendment access to the courts claim. To prevail on an alleged denial of access to the courts claim, a plaintiff "is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that a defendant denied him access to the courts must allege an injury traceable to the conditions of which the prisoner complains. *See Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (affirming district court's dismissal of *pro se* prisoner's denial of access to courts claims where prisoner failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that the prisoner lost a "nonfrivolous" and "arguable" claim because a defendant denied the prisoner access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, "[t]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.*

The right to access the courts may be satisfied if the plaintiff has an attorney. In this case, the public docket for Johnson's criminal proceedings reflects that counsel represented him for the entirety of these proceedings, including his October 2018 trial. *See* Docket, *Commonwealth v. Johnson*, No. CP-15-CR-3666-2017 (Chester Cty. Ct. Com. Pl.), *available at* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-15-CR-0003666-2017&dnh=JwxX70ZEVjKygiGaP5GxAw%3d%3d. Johnson acknowledges in the complaint that he was represented by counsel in the criminal proceedings. *See* Compl. at ECF p. 15 (Johnson referencing having contacted his court-appointed attorney about the missing photographs). As such, with respect to his claim that he was unable to obtain these photographs and use them at trial,

he right of access to the courts was satisfied by way of his criminal attorney who could obtain the photographs in question from Johnson's landlord for use at trial if needed.[8] Accordingly, the complaint does not support a plausible basis for a claim that Johnson was denied access to the courts.

### III. CONCLUSION

For the foregoing reasons, the court will grant Johnson leave to proceed *in forma pauperis* and dismiss his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) as frivolous and for the failure to state a claim. Johnson's allegations simply do not support a plausible claim against any defendant. Nonetheless, the court will provide the plaintiff with an opportunity to file an amended complaint should he be able to assert a plausible claim for relief against a proper defendant.[9]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[8] The court does not understand Johnson to be challenging the proceedings in the state court that led to his conviction. Rather, his claims appear to be predicated entirely on the handling of mail at Chester County Prison.

[9] Generally, the court should provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

10