IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DION JOHNSON, :
:
                    Plaintiff, :      CIVIL ACTION NO. 19-4960
:
   v. :
:
CHESTER COUNTY PRISON; :
DIRECTOR ROBERTS; CO WHITE :
SHIELD NO. 608; CO JOHN DOE :
SHIELD NO. 984; CO HAWTHORNE :
SHIELD NO. 777; and CO TOMKNSON :
SHIELD NO. 1077, :
:
                    Defendants. :

## **ORDER**

**AND NOW**, this 24th day of January, 2020, after considering the application for leave to proceed *in forma paupers*, complaint, and prisoner trust fund account statement filed by the *pro se* plaintiff, Dion Johnson (Doc. Nos. 1–3); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

    1.    The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and the plaintiff has leave to proceed *in forma pauperis*;

    2.    Dion Johnson, #NT-4282, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the superintendent of State Correctional Institution – Houtzdale or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Johnson's inmate account; or (b) the average monthly balance in Johnson's inmate account for the six-month period immediately preceding the filing of this case. The superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the clerk of

court with a reference to the docket number for this case. In each succeeding month when the amount in the plaintiff's inmate trust fund account exceeds $10.00, the superintendent or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Johnson's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

3. The clerk of court is **DIRECTED** to **SEND** a copy of this order to the superintendent of State Correctional Institution – Houtzdale;

4. The complaint (Doc. No. 2) is **DEEMED** filed;

5. The complaint (Doc. No. 2) is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for the failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and

6. The plaintiff may file an amended complaint within thirty (30) days of the date of this order. Any amended complaint **shall not** name the Berks County Prison as a defendant, because the court has dismissed that defendant with prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for the plaintiff's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint to state a claim. When drafting his amended complaint, the plaintiff should be mindful of the court's reasons for dismissing his claims in the complaint as explained in the court's separately filed memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by this court;

7. The clerk of court is **DIRECTED** to send the plaintiff a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. The plaintiff may use this form to file his amended complaint if he chooses to do so; and

8. If the plaintiff fails to file an amended complaint in accordance with this order, the court may dismiss this case without further notice for the failure to prosecute.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.