IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION JOHNSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-4960 |
| | : | |
| v. | : | |
| | : | |
| ROBERTS, Director of Chester County | : | |
| Prison; White #609, Correctional Officer; | : | |
| JOHN DOE #981, Correctional Officer; | : | |
| HAWTHORNE #777, Correctional Officer; | : | |
| and TOMKNSON #1077, Correctional | : | |
| Officer, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                October 19, 2020

The *pro se* plaintiff has filed an amended complaint in which he attempts to assert claims under 42 U.S.C. § 1983 for First and Fourteenth Amendment violations after county correctional officials at the county correctional institution in which he was detained for pretrial proceedings allegedly destroyed photographs that his landlord sent to him in the mail, which he wanted to use at his criminal trial. The plaintiff has also filed a motion seeking the appointment of counsel.

As discussed in more detail below, the amended complaint has not rectified the deficiencies the court identified with the constitutional claims in the original complaint. In particular, the plaintiff has failed to state a plausible claim for a due process violation because a meaningful postdeprivation remedy was available. In addition, he has failed to state a plausible claim for a First Amendment violation because, *inter alia* (1) he has only identified a single incident of possible interference with his mail and (2) he has not alleged an injury traceable to the loss of the photographs. The court finds that allowing the plaintiff any further attempt to amend the complaint

would be futile, so the court will dismiss the amended complaint with prejudice. In addition, because the plaintiff has failed to demonstrate that his claim has arguable merit in fact and law, the court will deny his request for appointment of counsel.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Dion Johnson ("Johnson"), originally commenced this action by filing an application for leave to proceed *in forma pauperis* (the "IFP Application"), a complaint, and his prisoner trust fund account statement on or about October 21, 2019.[1] Doc. Nos. 1–3. In the complaint, Johnson, an inmate currently incarcerated at State Correctional Institution – Houtzdale, asserted claims under 42 U.S.C. § 1983 for violations of his constitutional rights against several corrections officials at Chester County Prison, where he was formerly incarcerated. Compl. at ECF pp. 2–4, Doc. No. 2. Johnson named six defendants in the complaint: (1) Chester County Prison; (2) Director Roberts; (3) Corrections Officer White, Shield No. 608; (4) Corrections Officer John Doe, Shield No. 984; (5) Corrections Officer Hawthorne, Shield No. 777; and (6) Corrections Officer Towknson, Shield No. 1077. *Id.* at ECF pp. 1–3.

After reviewing the IFP Application and screening the complaint under 28 U.S.C. § 1915(e)(2), this court entered a memorandum opinion and order on January 24, 2020, which, *inter alia*, (1) granted Johnson leave to proceed *in forma pauperis*, (2) dismissed the majority of Johnson's claims without prejudice,[2] (3) granted Johnson leave to file an amended complaint, and

---

[1] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's submission is deemed filed "at the time [the inmate] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it). Johnson dated the complaint on October 21, 2019, *see* Compl. at 11, Doc. No. 2, and the court has used this date as the filing date.

[2] The court dismissed Johnson's claims against Chester County Prison with prejudice as frivolous because Chester County Prison is not a "person" amenable to suit within the meaning of 42 U.S.C. § 1983. *See* Mem. Op. at 7, Doc. No. 5.

(4) directed the clerk of court to mail a copy of the court's blank form complaint for prisoner actions under section 1983 to Johnson. *See* Doc. Nos. 5, 6. The court received a letter dated February 18, 2020 from Johnson in which he indicated that he never received a standard form complaint from the clerk of court. Doc. No. 7. As such, the court entered an order on February 26, 2020, directing the clerk of court to mail Johnson copies of the blank form section 1983 complaint and the court's January 24, 2020 memorandum opinion and order. Doc. No. 8.

Johnson filed an amended complaint on March 14, 2020.[3] Doc. No. 10. In the amended complaint, Johnson yet again asserts a First Amendment claim based on the defendants' alleged mishandling of his incoming and outgoing mail during the time he was incarcerated at the Chester County Prison. *See* Am. Compl. at ECF pp. 1–2, Doc. No. 10. With the exception of the Chester County Prison, Johnson names the same defendants as he did in the original complaint, all of whom are employees of the Chester County Prison: (1) Director Roberts; (2) Corrections Officer White, Shield No. 608, a mail room employee; (3) Corrections Officer John Doe, Shield No. 984, a mail room employee; (4) Corrections Officer Hawthorne, Shield No. 777, a prison counselor; and (5) Corrections Officer Tomknson, Shield No. 1077. *Id.* at ECF pp. 1, 3–4. Johnson sues all defendants in their individual and official capacities. *Id.* at ECF pp. 1, 3–4, 6–7.

As for the substance of Johnson's allegations in the amended complaint, he alleges that he was incarcerated at Chester County Prison as a pretrial detainee from approximately October 16, 2017, through March 13, 2019, while awaiting trial in his criminal case. *Id.* at ECF p. 3. In November 2018, Johnson's landlord, James Pelliccio ("Pelliccio"), sent him mail. *Id.* at ECF p. 5.

---

[3] The clerk of court did not docket the amended complaint until June 30, 2020 because of changes to court operations caused by the Covid-19 pandemic. These changes included having clerk's office employees work remotely, which caused delays with processing incoming and outgoing mail. Nonetheless, Johnson avers that he submitted the amended complaint for mailing on March 14, 2020, and the court has accepted this date as the filing date. *See* Doc. No. 10 at ECF p. 29.

Johnson expected that this mail would include photographs of "certain areas of [Johnson's] home that could have assisted him with his legal defense." *Id.* Instead of receiving the photographs, Johnson only received a money order receipt that Pelliccio sent him along with the photographs. *Id.* When he did not receive these photographs, Johnson submitted several "Inmate Request" slips to prison officials to determine why he never received the photographs. *Id.* at ECF pp. 5–6, 23–26.

Because he did not receive the photographs he was expecting in the mail, Johnson appears to allege that the defendants participated in "the destruction of his personal property, which was sent via U.S. Mail," and in so doing, violated his constitutional rights under the Due Process Clause of the Fourteenth Amendment and under the First Amendment. *Id.* at ECF p. 7. Johnson asserts that the defendants represented that he could not receive Pelliccio's photographs because he would have exceeded the number of pictures each inmate could possess at the prison. *Id.* at ECF pp. 7–8. He claims he should have received an "Unacceptable Correspondence" sheet showing that he could not get the pictures, which would have allowed him to mail the pictures to his attorney. *Id.* at ECF p. 8.

Johnson alleges that he suffered an "actual injury" insofar as he "was improperly not allowed to receive his pictures, which barred him from exercising his Sixth Amendment right to freely assist in the preparation of his legal defense." *Id.* at ECF p. 10. Johnson seeks $50,000 in compensatory damages and $50,000 in punitive damages from each defendant who "actively knew or should have known that proper procedures were not followed" and "knew or should have known that [his] property should not have been destroyed." *Id.* at ECF pp. 10–11. In addition, he claims "each [defendant] created an injury to [him] by destroying his property, which barred him from actively preparing a complete criminal legal defense." *Id.* at ECF p. 11.

On October 5, 2020, the clerk of court docketed a letter from Johnson in which he requests that the court appoint counsel to represent him in this matter. Doc. No. 11.

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

Because the court has granted Johnson leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

## B.    Analysis

As with the original complaint, Johnson seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Construed liberally, it appears Johnson seeks to assert in the amended complaint (1) a First Amendment claim regarding interference with his use of the mail, (2) a First Amendment claim regarding access to the courts, and (3) possibly a Fourteenth Amendment due process violation claim relating to his mail. As explained below, Johnson has failed to plausibly allege any constitutional violation in the amended complaint

With regard to the latter claim, while unclear, Johnson mentions in passing that he has a "due process protection under the Fourteenth Amendment to be notified and allowed to have access to incoming mail if it is not considered [to be] contraband." Am. Compl. at ECF p. 7. As the court pointed out with respect to a possible similar claim asserted in the original complaint, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Chester County Prison grievance procedure and the Pennsylvania Tort Claims Act provide sufficient remedies for intentional deprivations of property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (explaining that prison's grievance program constituted sufficient postdeprivation remedy for loss of boxes of legal material); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that Pennsylvania Tort Claims Act provides adequate remedy for willful deprivation of property); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate postdeprivation remedy). Accordingly, Johnson has again failed to state a plausible basis for a due process claim under the Fourteenth Amendment.

Concerning Johnson's First Amendment claim for interference with the mail, the court again recognizes that "state prisoners, by virtue of their incarceration, 'do not forfeit their First

Amendment right to use of the mails,'" *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) (quoting

*Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated on other grounds by Lewis v.*

*Casey*, 518 U.S. 343 (1996)), and prison officials can restrict a prisoner's right to send and receive

mail only for legitimate penological reasons. *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176,

178 (3d Cir. 2012) (per curiam) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However,

allegations of a "single, isolated interference" with a prisoner's mail are insufficient to state a

plausible claim for relief based on a First Amendment violation. *Id.* (citing *Bieregu*, 59 F.3d at

1452); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail

tampering is usually insufficient to establish a constitutional violation.").

Here, Johnson's amended complaint centers around the photographs he expected to receive

in the mail from Pelliccio, which he did not receive. *See* Compl. at ECF pp. 4–7. Johnson

specifically claims that the defendants are responsible for destroying these photographs, and he

seeks damages on that basis.[4] Nonetheless, even construed liberally, the amended complaint does

not state a plausible claim. Johnson again points to a single alleged incident of photographs

Pelliccio sent him. As the court previously concluded, this incident, standing alone, is insufficient

to state a plausible First Amendment claim regarding interference with prison mail.

---

[4] Although Johnson cites generally to *Turner v. Safley*, 482 U.S. 78 (1987), as governing the regulation of incoming mail in prison, the court does not read the amended complaint as a direct challenge to any regulation or policy instituted by Chester County Prison in and of itself. Rather, Johnson asserts that prison officials did not act in accordance with the policy because they failed to send him an "Unacceptable Correspondence" sheet that would have notified him of his landlord's unsuccessful attempt to deliver these photographs to him. Johnson appears to contend that this policy feature resulted in the destruction of the photographs he needed for his criminal trial. However, as alleged, Johnson still does not state a plausible section 1983 claim because a prison official's failure to abide by prison policy does not constitute an independent basis for a constitutional claim. *See Watson v. Rozum*, Civ. A. No. 12-35J, 2012 WL 5989202, at *8 (W.D. Pa. Oct. 29, 2012) ("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." (citations omitted)), *report and recommendation adopted*, Civ. A. No. 12-35J, 2012 WL 5989245 (W.D. Pa. Nov. 29, 2012); *see also Laufgas v. Speziale*, Civ. A. No. 04-cv-1697 (PGS), 2006 WL 2528009, at *9 (D.N.J. Aug. 31, 2006) ("Plaintiff maintains that the facility's handbook makes clear that prisoners will be provided two of three hot meals a day. However, a prison's departure from the policies and procedures outlined in the facility's handbook does not, in and of itself, amount to a constitutional violation actionable under § 1983.").

Although unclear due to the sparse allegations and lack of a sufficiently articulated basis for a legal claim in the amended complaint, the court has also construed Johnson as bringing a First Amendment denial of access to the courts claim. Similar to the original complaint, the amended complaint fails to set forth a plausible claim to relief on this basis as well.

As the court explained in the January 24, 2020 memorandum opinion, to prevail on an alleged denial of access to the courts claim, a plaintiff "is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that a defendant denied him access to the courts must allege an injury traceable to the conditions of which the prisoner complains. *See Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (affirming district court's dismissal of *pro se* prisoner's denial of access to courts claims where prisoner failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that the prisoner lost a "nonfrivolous" and "arguable" claim because a defendant denied the prisoner access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, "[t]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.*

The right to access the courts may be satisfied if the plaintiff has an attorney. In this case, the public docket for Johnson's criminal proceedings reflects that counsel represented him for the entirety of these proceedings, including his October 2018 trial. *See* Docket, *Commonwealth v. Johnson*, No. CP-15-CR-3666-2017 (Chester Cty. Ct. Com. Pl.), *available at* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-15-CR-0003666-2017&dnh=JwxX70ZEVjKygiGaP5GxAw%3d%3d. Johnson again acknowledges in the amended complaint that he was represented by counsel in the criminal proceedings, as he indicated

that he would have sent the photographs in question to his attorney. As such, with respect to his claim that he was unable to obtain these photographs and use them at trial, he right of access to the courts was satisfied by way of his criminal attorney who could have obtained the photographs in question from Pelliccio for use at trial if needed.[5] Accordingly, the amended complaint does not support a plausible basis for a claim that Johnson was denied access to the courts.

As a final issue, Johnson asserts claims against the individual defendants in their official and individual capacities. *See* Am. Compl. at ECF pp. 1, 3–4, 6–7. Official capacity claims against corrections officials are indistinguishable from claims against the entities that employ them. *See Green v. City of Philadelphia*, Civ. A. No. 19-CV-2190, 2019 WL 2766590, at *3 (E.D. Pa. June 28, 2019); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978))). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

Chester County is the entity that employs the corrections officials named as defendants here. Therefore, official capacity claims against them are more properly brought against Chester County itself. Unlike Chester County Prison, a municipal body or other local government unit which is not part of a state for Eleventh Amendment purposes, such as Chester County, may be a "person" subject to suit under section 1983. *See Monell*, 436 U.S. at 690–91. However, Johnson has failed to state a claim against Chester County because nothing in the complaint alleges that the purported violations of his constitutional rights stemmed from an unlawful municipal policy or custom. *See id.* at 694 (concluding that local governments are not liable under section 1983 "for

---

[5] The court does not understand Johnson to be challenging the proceedings in the state court that led to his conviction. Rather, his claims appear to be predicated entirely on the handling of mail at Chester County Prison.

an injury inflicted solely by [their] employees or agents," but are liable if municipal custom or policy caused plaintiff's injury). Rather, he appears to seek to hold Chester County liable pursuant to a *respondeat superior* theory, which he cannot do. *See City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *see also Monell*, 436 U.S. at 691. Accordingly, to the extent Johnson's official capacity claims are construed as claims against Chester County, the court will again dismiss those claims.

## C.       Leave to Amend

Generally, the court should provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment— irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Here, the court has already dismissed basically identical claims and finds that any further attempts to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that further amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Accordingly, the court will dismiss the claims in the amended complaint with prejudice.

## D.       Motion for Appointment of Counsel

Johnson has requested that the court appoint counsel to represent him under 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." *Id.* "[Section] 1915 . . . afford[s] district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (quoting *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In making this determination, the court must "consider as a threshold matter the merits of the

plaintiff's claim." *Tabron*, 6 F.3d at 154; *see also Mayer v. Corbett*, 186 F. App'x 262, 264 (3d Cir. 2006) (per curiam) (denying motion for appointment of counsel because appellant "has not made a threshold showing that his appeal has arguable merit in fact and law" (citing *Tabron*)). If the plaintiff passes this initial threshold, the court must analyze these factors: (1) "[t]he plaintiff's ability to present his or her case;" (2) "the difficulty of the particular legal issues;" (3) "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" (4) whether the "case is likely to turn on credibility determinations;" (5) whether "the case will require testimony from expert witnesses;" (6) whether "the claims are likely to require extensive discovery and compliance with complex discovery rules;" and (7) the "plaintiff's capacity to retain counsel on his or her behalf." *Tabron*, 6 F.3d at 155–57; *Montgomery*, 294 F.3d at 499. Also, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).

In the instant case, Johnson's request for appointment of counsel fails at the threshold level because he has failed to show that his case has arguable merit in fact and law. Therefore, the court will deny the motion for appointment of counsel.

## III.   CONCLUSION

For the foregoing reasons, the court will dismiss the amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the failure to state a claim. As the facts Johnson alleges in the amended complaint do not support a plausible claim for a constitutional violation, additional attempts by Johnson to amend would be futile. *See Jones*, 944 F.3d at 483. In addition, the court will deny Johnson's request for appointment of counsel because has not alleged a claim with arguable merit in fact and law.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.